ORIGINAL

RCO HAWAII, LLLC
A Hawaii Limited Liability Law Company

PETER T. STONE         #2788
CHARLES R. PRATHER     #7664
900 Fort Street Mall, Suite 305
Honolulu, Hawaii 96813
Telephone: (808) 532-0090
Fax: (808) 524-0092
Email: pstone@rcolegal.com
       cprather@rcolegal.com

Attorneys for Plaintiff
**RESMAE LIQUIDATION PROPERTIES, LLC**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 14 2011
at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RESMAE LIQUIDATION PROPERTIES, LLC,<br><br>       Plaintiff,<br><br>vs.<br><br>LEIGH MATSUYOSHI; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50 and DOE GOVERNMENTAL UNITS 1-50,<br><br>       Defendants. | CIVIL NO. CV11 00033 ACK KSC<br><br>**COMPLAINT; EXHIBITS "1" – "2"; SUMMONS IN A CIVIL ACTION** |

## COMPLAINT

## PARTIES

1. Plaintiff RESMAE LIQUIDATION PROPERTIES LLC (hereinafter "Plaintiff") is a corporation organized and existing under the laws of the United States of America.

2. Upon information and belief, Defendant LEIGH MATSUYOSHI (hereinafter "Defendant Leigh"), is and was at all times relevant hereto a resident of the County of Kauai and resides at the property located at 2888 Hoolako Street, Lihue, HI 96766 (TMK: (4) 3-6-024-037) (hereinafter "the Property").

3. Defendants John and Jane Does are persons who have or may have lien rights or other interests in the Property and whose names, identities and capacities are presently unknown to Plaintiff and its attorney.

## FACTS

4. On or about March 26, 2007, Defendant Leigh, for value received, duly made, executed and delivered to Plaintiff, a promissory note ("Note") in the amount of $500,000.00.

5. For the purpose of securing payment on the Note, Defendant Leigh duly made, executed and delivered to Plaintiff, a mortgage ("Mortgage") encumbering the Property. The Mortgage was recorded on March 26, 2007, in the

Bureau of Conveyances of the State of Hawaii as Document No. 2007-057187. The mortgage is hereafter referred to as the "Mortgage."

6. Under the Mortgage and Note, Defendant Leigh is obligated to make scheduled payments of principal and/or interest.

7. Defendant Leigh failed to timely make payments required by the terms of the Note and such failure constitutes a default under the repayment terms of the Note and Mortgage.

8. As a result, Plaintiff conducted a non-judicial foreclosure sale of the Property.

9. Attached hereto as Exhibit "1" is a true and correct copy of the Mortgagee's Affidavit of Foreclosure Under Power of Sale, recorded in the Bureau of Conveyances of the State of Hawaii (hereinafter "the Bureau") on November 17, 2008, as Document No. 2008-174905.

10. Plaintiff was the highest bidder at the auction with a bid of FOUR HUNDRED SIXTEEN THOUSAND AND NINE HUNDRED AND 20/100 DOLLARS ($416,900.20).

11. Attached hereto as Exhibit "2" is a true and correct copy of the Quitclaim Deed transferring title of the Property to Plaintiff recorded in the Bureau on January 22, 2009, as Document No. 2009-008399.

12. Upon information and belief Defendant Leigh is still remaining on the Property.

13. In order to have Defendant Leigh removed from the Property, Plaintiff filed an Ejectment Action in the Circuit Court of the Fifth Circuit, State of Hawaii, on February 3, 2009, Civil No. 09-1-0030.

14. In response to Plaintiff's Eject Action, Defendant Leigh filed an Answer on March 30, 2009, wherein she asserted, among other things, the Federal Truth-In-Lending Act (hereinafter "TILA") as a defense.

15. Plaintiff then submitted interrogatories and request for admissions. to Defendant Leigh regarding her defenses

16. In her response, Defendant Leigh stated that, among other things, the Note was void under TILA, that Plaintiff violated the Real Estate Settlement Procedures Act (hereinafter "RESPA").

## JURISDICTION AND VENUE

17. This Court has jurisdiction under 28 U.S.C. § 1331 as there issues pertaining to the laws and treatises of the United States.

18. Venue in the District of Hawaii is proper under 28 U.S.C. § 1391(b) because a substantial part of the property that is the subject of the action is situated in the District of Hawaii.

## COUNT I: DECLARATORY JUDGMENT

19. Paragraphs 1-18 are incorporated herein by reference.

20. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

21. An actual controversy exists with regard to Plaintiff's non-judicial foreclosure sale.

22. Plaintiff's non-judicial foreclosure sale fully complied with the requirements of Sections 667-5 through 667-10 of the Hawaii Revised Statutes (hereinafter "HRS").

23. Defendant Leigh has raised TILA and RESPA defenses and claims that the underlying loan transaction is void.

## COUNT II: EJECTMENT

24. Paragraphs 1-23 are incorporated by reference.

25. Pursuant to HRS § 603-36, Plaintiff seeks a Writ of Ejectment against Defendant Leigh and all known parties claiming under by and through said Defendant Leigh.

## COUNT III: FORECLOSURE

26. Paragraphs 1-25 are incorporated by reference.

27. There is principal, as well as interest, late charges and other advances secured by the Note and Mortgage, past due and owing.

28. That by reason of the facts above set forth and alleged, Plaintiff is entitled to the foreclosure of its Mortgage and to the sale of all of the Property.

29. The Mortgage provides that in the event of foreclosure, Plaintiff may be awarded all sums secured by said the Mortgage, including reasonable attorney's fees, all costs and expenses provided for in the Note, and any advances made necessary or advisable or sustained by Plaintiff for the benefit or protection of the Property or in connection therewith.

**THIS LAW FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS COMPLAINT IS NOT AND SHOULD NOT IN ANY WAY BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.**

WHEREFORE PLAINTIFF PRAYS AS FOLLOWS:

A. That process of this Honorable Court issue commanding all the above-named defendants to appear and answer the allegations Complaint as provided by law;

B.  That a judgment issue declaring the rights of the parties herein with regard to Count I and finding that the foreclosure referred to therein was conducted in accord with HRS §§ 667-5 through 667-10.

C.  That a judgment for possession pursuant to Count II issue in favor of Plaintiff thereby directing Defendant Leigh to vacate the Property.

D.  With regard to Count III, that upon hearing being had herein, there be ascertained a total amount due to the time of judgment under the Note and Mortgage, including principal, interest, advances, costs, expenses, and attorneys' fees, and that this Court make and enter its judgment as follows:

1. That there is due and owing to Plaintiff pursuant to the terms of the Note and Mortgage, a certain sum of money, and that such sum of money, including all advances, costs, expenses, and attorneys' fees, be declared to be a valid judgment against Defendant Leigh ("Money Judgment") and a lien upon the Property; and that the Court fix and determine just and reasonable attorneys fees for Plaintiff's attorney herein;

2. Appointing a Commissioner to take possession of the Property and directing that he sell the same for cash in lawful money of the United States in the manner provided by law and the orders of this Court, upon the confirmation of said sale by this Court, that the

Commissioner be authorized and directed to make and deliver to the purchaser or purchasers such instruments of conveyance of the Property as may be appropriate in the premises;

3. Authorizing and directing such Commissioner, after the payment of all necessary expenses of such sale, to make application of all the proceeds thereof so far as the same may be necessary to the payment of the amounts found due and owing to: First, to Plaintiff, under the Note and Mortgage, including the aforesaid advances, costs, expenses, and attorneys' fees toward satisfaction of the Money Judgment and the balance if any, as determined by this Court.

4. Authorizing Plaintiff to be a purchaser at any sale made as aforesaid, without the requirement of any down payment at that sale;

5. That if the proceeds of the sale shall be insufficient to pay the Money Judgment and it shall appear that a deficiency exists, directing a judgment to be entered for such deficiency against Defendant Leigh and that Plaintiff have execution therefore, unless the debt is discharged or otherwise barred by bankruptcy or other applicable law; and

6. That upon the foreclosure sale herein prayed for, the parties herein named as defendants and all persons claiming any interest in said

Property by, through or under said parties, be forever barred and foreclosed of and from any and all right, title, and interest and claims at law or in equity in and to said Property.

E.  That Plaintiff shall have such further and other relief in the premises as may be just and equitable.

DATED: Honolulu, Hawaii, January 14, 2011.

_____
PETER T. STONE
CHARLES R. PRATHER

Attorneys for Plaintiff
**RESMAE LIQUIDATION PROPERTIES, LLC**