IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RESMAE LIQUIDATION PROPERTIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LEIGH MATSUYOSHI; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50 and DOE GOVERNMENTAL UNITS 1-50,<br><br>　　　　　Defendants. | CIVIL NO. CV11-00033 ACK-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## **MEMORANDUM IN SUPPORT OF MOTION**

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Good cause exists for this Court to set aside the Clerk's entry of default against Defendant Matsuyoshi pursuant to Rule 55(c), and to allow this case to be decided on the merits. Thus, while a court has discretion to decide whether to set aside an entry of default, "there is a strong policy favoring the adjudication of a case on its merits [.]" Strong-Fisher v. LaHood, 611 F.Supp.2d 49, 51 (D.D.C.2009) (quoting Baade v. Price, 175 F.R.D. 403, 405 (D.D.C.1997)).

Moreover, this action should be dismissed for lack of jurisdiction, as the matter in controversy, as shown by the allegations of the Complaint, does not rise

under the Constitution or any law or treaty of the United States. The matters set forth in the Complaint that attempt to show jurisdiction are insufficient to show that any substantial federal question is involved, and plainly sets forth a claim for relief and seeks a remedy cognizable only under state law. Plaintiff attempts to rely upon Defendant Matsuyoshi's anticipated federal defense under the Truth-In-Lending-Act. However, it is well accepted by the federal courts, including within the United States Court of Appeals for the Ninth Circuit, that "[e]ven if case turns entirely on validity of federal defense, federal courts may not assert jurisdiction unless federal right or immunity is essential element of plaintiff's cause of action. Patrick v. Dole Food Company, Inc., 251 F.3d 795, 799 (2001). Furthermore, Plaintiff has not pled any ground for diversity pursuant to 28 U.S.C. § 1332 as it fails to state an amount in controversy as required by statute.

## THIS ACTION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

This case is essentially an ejectment action originating from a nonjudicial foreclosure upon Defendant Matsuyoshi's residential home in 2008, whereby Plaintiff seeks a writ of ejectment against Defendant Matsuyoshi. On February 3, 2009, Plaintiff filed a "Complaint For Ejectment" in Civil No. 09-1-0030 in the Circuit Court of the Fifth Circuit seeking a writ of ejectment, relying upon Chapters 667 and 603 of the Hawaii Revised Statutes. A copy of Plaintiff's

Complaint For Ejectment filed in the Circuit Court of the Fifth Circuit, State of Hawaii on February 3, 2009 is attached as Exhibit 1. In fact, based upon a recent search of the State of Hawaii, Hoohiki database, it appears that Plaintiff's State action is still active.

Now, without any federal jurisdictional basis, Plaintiff filed this federal case seeking the same remedy, a writ of ejectment against Defendant Matsuyoshi pursuant to its alleged nonjudicial foreclosure. Plaintiff additionally requested a declaratory judgment; however, again based upon the non-judicial foreclosure proceedings pursuant to state law, Chapter 667 of the Hawaii Revised Statutes.

In its Complaint, relying upon Hawaii state law, Plaintiff provided:

> COUNT II: EJECTMENT
>
> 25. Pursuant to HRS § 603-36, Plaintiff seeks a Writ of Ejectment against Defendant Leigh and all known parties claiming under by and through said Defendant Leigh.
>
> COUNT: FORECLOSURE
>
> 27. There is principal, as well as interest, late charges and other advances secured by the Note and Mortgage, past due and owing.

As stated above, this case is an ejectment case originating from a non-judicial foreclosure as provided by Hawaii state foreclosure laws. Plaintiff fails to show any right under the Constitution or laws of the United States  The only question in this case would be whether Plaintiff has superior title to the subject

property and whether Defendant Matsuyoshi has taken possession of such property.

It is well settled in federal law that:

> It is very difficult to vest jurisdiction of an ejectment, or similar possessory action in United States courts on the basis that such action arises under the laws of the United States...The cases strikingly illustrate that, at least ordinarily, in such actions involving a simple statement that plaintiff has a right to the property and that defendant is wrongfully in possession, no statement of a substantial Federal question constitutes an essential element of plaintiff's cause of action, and that is such pleadings the attempted or asserted injunction of a Federal question is in the nature of surplusage and is anticipatory.

14 A.L.R. 2d 992 § 33. Chappell v. Waterworth (1894) 155 US 102, 39 L.Ed 85, 15 S Ct 34; East Lake Land Co. v. Brown (1894) 155 US 488, 39 L.Ed 233, 15 S Ct 357, infra, § 35; Florida, C. & P. R. Co. v. Bell (1900) 176 US 321, 44 L.Ed 486, 20 S Ct 399, infra, § 35; Filhiol v. Maurice (1902) 185 US 108, 46 L.Ed 827, 22 S Ct 560; Filhiol v. Torney (1904) 194 US 356, 48 L.Ed 1014, 24 S Ct 698.

In its Complaint, Plaintiff provided that "[t]his Court has jurisdiction under 28 U.S.C. § 1331 as there issues pertaining to the laws and treatises of the United States." However, nowhere on the face of its Complaint does it rely upon any Constitutional issue or federal law or treaty.

Plaintiff stated in its Complaint:

20. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

21. An actual controversy exists with regard to Plaintiff's non-judicial foreclosure sale.

22. Plaintiff's non-judicial foreclosure sale fully complied with the requirements of Sections 667-5 through 667-10 of the Hawaii Revised Statutes (hereinafter "HRS").

23. Defendant Leigh has raised TILA and RESPA defenses and claims that the underlying loan transaction is void.

Plaintiff attempted to assert federal jurisdiction by anticipating Defendant's federal Truth-In-Lending-Act defenses to the nonjudicial foreclosure action. However, it is well settled law that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232 (1986) (citing to Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)).

This Court lacks subject matter jurisdiction because Plaintiff's Complaint fails to comply with the well-pleaded complaint rule which requires "a complaint invoking federal question jurisdiction to assert the federal question as part of the plaintiff's claim, and precludes invoking federal question jurisdiction merely to anticipate a federal defense," Fleet Bank, National Association v. Burke, 160 F.3d 883, 886 (1998) (citing to Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

Furthermore, Plaintiff failed to establish subject matter jurisdiction pursuant to 28 U.S.C. §1332. In order to assert diversity jurisdiction a claim for relief must assert the amount in controversy that exceeds the sum or value of $75,000.00, exclusive of interests and costs. Here, Plaintiff failed to: (1) assert diversity jurisdiction, (2) state any basis for diversity jurisdiction, and (3) state any amount in controversy.

This Court lacks jurisdiction, especially to the extent that Plaintiff already filed an ejectment action in State court arising from the same set of operative facts. This subsequent action is nothing more than an improper attempt to remove its ejectment case to this Court which pursuant to 28 U.S.C. § 1446 is only allowed by the defendant in a State court action. Essentially, Plaintiff by filing this identical ejectment action is splitting its causes of action burdening Defendant Matsuyoshi with this new, second lawsuit, on the exact same facts and arguments to be asserted.

**THE CLERK'S ENTRY OF DEFAULT SHOULD BE SET ASIDE**

The Federal Rules provide that a "court may set aside an entry of default for good cause...." Fed. R. Civ. Pro. 55(c). To determine "good cause", a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would

prejudice" the other party. U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091, 77 Fed.R.Serv.3d 32 (2010).

All three requirements are fully met in this case.

**A. Defendant Matsuyoshi has a meritorious defense.**

In addition to Defendant Matsuyoshi's defenses presently argued in Plaintiff's identical ejectment action in Civil No. 09-1-0030 in the Circuit Court of the Fifth Circuit, she has a meritorious defense due to this Court's lack of subject matter jurisdiction as Plaintiff failed to assert any federal question or adequate diversity jurisdiction. This Court lacks jurisdiction, especially to the extent that Plaintiff already filed an ejectment action in State court with the same set of operative facts in an attempt to remove its ejectment case to this Court which Plaintiff is prohibited from doing.

**B. The Clerk's entry of default against Defendant Matsuyoshi was not the result of inexcusable neglect or a willful act.**

As explained within the Declaration of Counsel, due to a mistake regarding the calendaring of this case, the deadline to file a timely answer on behalf of Defendant Matsuyoshi was inadvertently missed. After discovering the missed deadline and the Clerk's entry of default against Defendant Matsuyoshi five days after the lapsed deadline, Defendant's counsel immediately contacted Plaintiff's counsel inquiring as to the possibility of a stipulation to set aside the entry of

7

default, which was not agreed upon by Plaintiff. This was no fault of Defendant Matsuyoshi.

### C. Plaintiff will not be prejudiced if the default is set aside.

Finally, Plaintiff will not be prejudiced if the default is set aside. "The mere fact that the nondefaulting party will be required to prove his case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening." Sageco, 57 Haw. at 73, 549 P.2d at 1150. Moreover, this is a relatively young action, Plaintiff's Pretrial Statement not even due for months yet.

### Conclusion

For all of the above reasons Defendant respectfully submits that this Court lacks subject matter jurisdiction and thus, should be dismissed forthwith, or in the alternative, the Clerk's entry of default should be set aside and that Defendant Matsuyoshi be allowed to file a responsive pleading and defend this action on its merits in the interests of justice as contemplated by Rule 55(c) of the Federal Rules of Civil Procedure.

DATED: Honolulu, Hawaii; June 8, 2011.

/s/ signature

GARY VICTOR DUBIN
FREDERICK J. ARENSMEYER
LILA C. A. KING
Attorneys for Defendant
Leigh Matsuyoshi